# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TREBAS,<br><br>              Plaintiff<br><br>     v.<br><br>COUNTY OF FRESNO, et al.,<br><br>              Defendants. | CASE No. 1:12-cv-00978-SAB (PC)<br><br>ORDER STRIKING PLAINTIFF'S ADDENDUM TO SECOND AMENDED COMPALINT<br><br>(ECF No. 14) |

Plaintiff Daniel Trebas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was filed on June 18, 2012. (ECF No. 1.) On August 19, 2013, Plaintiff filed an addendum to his second amended complaint. (ECF No. 14.)

It is clear from Plaintiff's filing that he intends only to supplement his second amended complaint rather than to file. Complaints must be complete in themselves and therefore the Court will not permit addendums. Plaintiff is advised that an amended complaint supersedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

If Plaintiff wishes to amend his second amended complaint, the Court will entertain a

motion to amend the complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" <u>Amerisource Bergen Corp. v. Dialysis W., Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).

Plaintiff is further advised that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). This Court and its staff takes its role serious in complying with statutes and other obligations under the United States Constitution and laws of the United States. As Plaintiff's case is not the only case under consideration by the court and because cases are screened in the order in which they are filed, absent good cause, the Court will screen cases in that order and will continue to strive to avoid delays whenever possible. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's addendum to the second amended complaint, filed August 19, 2013, is STRIKEN from the record.

IT IS SO ORDERED.

Dated: **August 29, 2013**

UNITED STATES MAGISTRATE JUDGE

2