1
2
3
4
5
6
7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11 | DANIEL TREBAS,                          ) Case No.: 1:12-cv-00978-SAB (PC)

12 |                          Plaintiff,     ) ORDER DISMISSING SECOND AMENDED
                                             ) COMPLAINT, WITH LEAVE TO AMEND, FOR
13 |          v.                             ) FAILURE TO STATE A COGNIZABLE CLAIM

14 | COUNTY OF FRESNO, et al.,               ) (ECF No. 11)
                                             )
15 |                          Defendants.    ) THIRTY DAY DEADLINE
                                             )
16 |_____)

17        Plaintiff Daniel Trebas is a civil detainee currently located at Atascadero State Hospital (ASH),

18 and is proceeding in this action pro se and in forma pauperis.

19        Plaintiff filed the instant complaint on June 28, 2012.  Plaintiff filed a first amended complaint

20 on December 26, 2013.  On February 21, 2012, Plaintiff filed a motion for leave to file a second

21 amended, along with a copy of the second amended complaint.  On February 26, 2012, the Court

22 granted Plaintiff's motion to amend and directed the Clerk of Court to file the second amended

23 complaint.

24        For the reasons set forth below, the Court finds that Plaintiff's second amended complaint fails

25 to state a claim upon which relief may be granted.  In the paragraphs that follow, the Court will

26 provide Plaintiff with the legal standards that Plaintiff must comply with in drafting his complaint.

27 Plaintiff should carefully review the standards and amend only those claims that he believes, in good

28 faith, are cognizable.

## II.

## SCREENING REQUIREMENT

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff is currently housed at ASH pursuant to California Penal Code section 2962, for medical treatment as a condition of parole.  Plaintiff lists several individuals as defendants in this action, including (1) County of Fresno; (2) Elizabeth Egan; (3) Richard Thomas; (4) Kenneth Taniguchi, (5) Eric Christensen, (6) Richard Oberto; (7) Atascadero State Hospital; (8) Jeanne Garcia;

2

(9) David Fennell; (10) Robert Knapp; (11) Thomas Cahill; (12) Rocky Spurgeon; (13) Jason Stansbury; (14) Kulwant Buttar; (15) Ismael Calderon; (16) Jackie Laprade; and (17) Mac Porter.

Plaintiff contends that "Defendants engaged in an ongoing pattern and practice to violate plaintiff's rights to due process and equal protection under the law, resulting in loss of liberty, denial of honest services, falsifying medical records, and refusal of religious accommodations and adequate medical care for over six years of confinement with no court order."  (Compl. at 3.)

Plaintiff's complaint is largely incoherent.  Petitioner argues at length that his medical status was in "remission" which should have resulted in his release instead of continued detention at ASP. Petitioner raises numerous arguments as to several different defendants who allegedly falsified the fact that he was not in remission which has resulted in his continued detention.  However, Plaintiff also indicates vague allegations of inaccurate and incomplete medical and forensic reports, false imprisonment, lack of appropriate medical care, and a failure to accommodate his religious beliefs.

## IV.

## LEGAL STANDARDS

### A.    Rule 18 and 20

A basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."  However, unrelated claims that involve different defendants must be brought in separate lawsuits.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform  Act. 28 U.S.C. § 1915(g).

The Court advises Plaintiff that each claim that is raised in his second amended complaint must be permitted by either Rule 18 or Rule 20.  Plaintiff may state a single claim against a single defendant.  Plaintiff may then add any additional claims to his action that are against the same

defendant under Rule 18.  Fed. R. Civ. P. 18.  Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim.  Fed. R. Civ. P. 20(a)(2).  Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

### B.     Rule 8

The Court advises Plaintiff of the following requirements under the Federal Rules of Civil Procedure regarding the general formatting of his complaint.  Plaintiff's complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct." Federal Rule of Civil Procedure 8(d)(1).  A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Federal Rule of Civil Procedure 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Federal Rule of Civil Procedure 10(b).

The function of the complaint is not to list every single fact relating to Plaintiff's claims.   If Plaintiff wishes to amend his complaint, he must set forth his claims in a simple, concise, and direct manner in order to meet the requirements of Rule 8.

### C.     Challenge to Commitment Order

The majority of Plaintiff's complaint deals with allegations relating to the underlying basis and documentation to support his civil commitment detention.  To the extent Plaintiff is challenging his commitment to ASH and release therefrom, his federal remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after exhaustion of state court remedies.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  A civil rights action under section 1983 is the proper vehicle to challenge conditions of confinement; a habeas corpus petition is the sole vehicle for challenging the fact or duration of confinement.  Id. at 498-499.  Civilly committed persons may pursue habeas relief under 28 U.S.C. § 2254 to challenge their involuntary civil commitment.  Duncan v. Walker, 533 U.S. 167, 176 (2001) (stating that a state court order of civil commitment satisfies section 2254's "in custody" requirement); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-1140 (9th Cir. 2005)

///

1    ("[D]etainees under an involuntary civil commitment scheme . . . may use a § 2254 habeas petition to

2    challenge a term of confinement.").

3         In addition, Plaintiff's claim for damages as a result of the alleged unlawful civil commitment

4    order,  is barred by what is commonly referred to as the "favorable termination" rule of Heck v.

5    Humphrey, 512 U.S. 477 (1994).  In Heck, the Supreme Court held that in order to recover damages

6    under § 1983 for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that

7    the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

8    invalid by a state tribunal authorized to make such determination, or called into question by a federal

9    court's issuance of a writ of habeas corpus.  512 U.S. at 486-487.  Thus, a § 1983 action may not lie

10   and the complaint must be dismissed if a judgment in favor of plaintiff would "necessarily imply the

11   invalidity of his conviction or sentence," and that conviction or sentence has not already been

12   invalidated.  Id. at 487.  The Ninth Circuit has applied Heck to detainees under an involuntary civil

13   commitment scheme where a habeas petition may be used to challenge a term of confinement.  See

14   Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1138-1141 (9th Cir. 2005).  If success in a § 1983 action

15   would necessarily imply the invalidity of the detainee's civil commitment, the claim for damages is

16   barred by Heck.  Id. at 1140-1141.

17        Here, the crux of Plaintiff's complaint against all Defendants relates to the illegal civil

18   commitment.  Thus, Plaintiff's main dispute is a challenge to the civil confinement for which he seeks

19   monetary damages based on an alleged wrongful assessment that he was not in remission of his mental

20   disorder.  The success of Plaintiff's § 1983 action would necessarily imply the invalidity of his civil

21   commitment.  See Huftile, 410 F.3d at 1141 (plaintiff sued doctor who performed mental health

22   evaluation which was part of the basis of his civil commitment, a successful judgment in favor of

23   plaintiff in his § 1983 action for damages would necessarily imply the invalidity of his civil

24   commitment).

25        **D.    Medical Care**

26        As a civil detainee, Plaintiff's right to medical care is protected by the substantive component

27   of the Due Process Clause.  Youngberg v. Romeo, 457 U.S. 307, 315, 102 S.Ct. 2452 (1982).  A

28   determination whether Plaintiff's rights were violated requires "balancing of his liberty interests

5

against the relevant state interests." <u>Youngberg</u>, 457 U.S. at 321.  Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure professional judgment was exercised. <u>Id.</u> at 321-22.  A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." <u>Id.</u> at 322-23; compare <u>Clouthier v. County of Contra Costa</u>, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the <u>Youngberg</u> standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed).

Petitioner contends that Defendants Jackie Laprade and Mac Porter, Nurses, failed to take action to address his medical needs, including cervical/lumbar degenerative disc, spondylitis, osteoarthritis, and knee derangement.  Plaintiff further contends these Defendants failed to assess his pain levels, repair his damaged wheel chair or knee-brace, and provide for an "egg-crate" mattress pad.

Although Plaintiff contends that his medical needs were not meet, there are no facts alleged to indicate that the named defendants were aware of Plaintiff's medical needs and failed to act to accommodate his needs.  Accordingly, Plaintiff has failed to set forth a cognizable claim.

### E.      Failure to Protect Plaintiff from Harm

Plaintiff contends that on November 16, 2012, he was in the dorm living area when another resident make threatening gestures toward Plaintiff.  Defendant Jason Stansbury failed to take action to assure Plaintiff's safety and as a result Plaintiff was physically attacked later that evening.  The hospital police reports of the incident clearly indicated that Plaintiff acted only in self-defense. However, Stansbury spoke with officer Bossiere and claimed Plaintiff was involved in mutual combat and did not act in self-defense.

As with the prior claim, Plaintiff is entitled to treatment more considerate than that afforded a convicted criminal.   Plaintiff's right to constitutionally adequate conditions of confinement is

protected by the substantive component of the Due Process Clause.  <u>Youngberg v. Romeo</u>, 457 U.S. 307, 315 (1982).

Plaintiff asserts only that Defendant Stansbury failed to take action to assure his safety. Without describing in more detail the circumstances of events at issue, Plaintiff's assertion is conclusory and insufficient to state a claim.  <u>Iqbal</u>, 129 S.Ct. at 1949 (Detailed factual allegations are not required, but the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.")  The Court will grant Plaintiff leave to amend.  To state a claim, Plaintiff must provide facts, not speculation or supposition, explaining how he knows the Defendant was aware of the danger and how his conduct exhibited conscious indifference rather than the exercise of professional judgment.  <u>Houghton v. South</u>, 965 F.2d 1532, 1536 (9th Cir. 1992).

**F.     Violation of the Americans With Disabilities Act**

Plaintiff contends that he was denied accommodations under the Americans with Disabilities Act ("ADA") for him to appear in court from 2005 through 2011.

Title II of the ADA, "prohibit[s] discrimination on the basis of disability.  <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability.  <u>Lovell</u>, 303 F.3d at 1052.

Plaintiff fails to demonstrate a violation of the ADA.  Plaintiff merely alleges that he was denied accommodation to appear in court from 2005 to 2011.  This vague allegation is insufficient to state a claim under the ADA.  Plaintiff has not alleged that he is a qualified individual with a disability under the ADA, and that as a result he was denied participation in an activity on the basis of his physical handicap.

///

///

7

**G.      Denial of Religious Accommodation**

Plaintiff merely alleges that Defendant Jason Stansbury denied his repeated requests for religious accommodation of single room housing.

Civil Detainees retain the protections afforded by the First Amendment, including the right to freely practice their religion.  See O'Lone v. Estate of Shabazz, 482 U.S. 347, 348 (1987) (citing Pell v. Procunier, 417 U.S. 817, 822 (1974); see also Youngberg v. Romero, 457 U.S. 307, 322 (1982) (holding civilly detained persons must be afforded "more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish").  In order to establish a cause of action under the Free Exercise Clause, a civil detainee must show that a restriction that impeded his ability to practice his religion was not "'reasonably related to legitimate penological interests.'" Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2008) (quoting Turner v. Safely, 482 U.S. 78, 89 (1987).

While Plaintiff complains of the failure to accommodate him with single room housing, he  has failed to allege or show that the restriction of single room housing infringes on his sincerely held religious beliefs.  Thus, Plaintiff fails to state a cognizable claim under the Firth Amendment for infringement on the free exercise of his religious beliefs.

**H.      Due Process-Falsification of Report**

Plaintiff makes continued reference to the falsification of medical reports relied upon to retain in civil detention.  This is an indirect challenge to the commitment order, which is not cognizable by way of section 1983.  Huftile v. Miccio-Fonseca, 410 F.3d at 1139-1140.

**I.      False Imprisonment**

Plaintiff makes vague reference to false imprisonment in his complaint.

The Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2009).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v.

California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act.  State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

The failure to allege compliance with the Tort Claims Act is fatal to Plaintiff's state law claims.  In addition, however, Plaintiff fails to allege facts sufficient to state any viable tort claims. Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'"  Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)).  The elements "of false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief."  Easton v. Sutter Coast Hospital, 80 Cal.App.4th 484, 496 (2000) (citation omitted).

Plaintiff is an inmate committed to the custody of the ASP.  Plaintiff has not alleged facts supporting a claim that he was confined by any of the defendants without lawful privilege.  Therefore, Plaintiff fails to state a claim for false imprisonment claim.

### J.	County of Fresno as Defendant

Plaintiff names the County of Fresno as a Defendant.  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his or her own individual actions.  Id. at 1948.  In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative action or omission that demonstrates a violation of Plaintiff's federal rights.  Plaintiff names the County of Fresno, but does not include any allegations to link him to any individual act or omission that violates Plaintiff's federal rights.

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-1164 (9th Cir. 2003).  Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or

practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).  Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee.  Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation."  Id.  Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation."  Id.

Although Plaintiff names the County of Fresno as a Defendant, he does not include any allegations that would state a claim for municipal liability under Monell.

### K.     Public Defenders as Defendant

Plaintiff names Assistant Public Defenders, Richard Oberto and Eric Christensen as Defendants in this action.   However, Plaintiff is advised that a public defender is not a state actor within the meaning of § 1983 when acting to represent a client, as was the case in this instance.  See Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003).

### L.     District Attorneys as Defendants

Plaintiff names Fresno County District Attorney, Elizabeth Egan, and Deputy District Attorney Richard Thomas and Public Defender Kenneth Taniguchi as Defendants in this action.  However, prosecutors are immune from liability under 42 U.S.C. § 1983.  See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under section 1983 ).

### M.     Atascadero State Hospital as Defendant

Plaintiff also names Atascadero State Hospital as a Defendant in this action.  The Eleventh Amendment prohibits federal jurisdiction over federal and state claims against a state or state agency unless the state or agency consents to the suit.  See, Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53-54 (1996); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984); Quern v.

Jordan, 440 U.S. 332, 342 (1979); Hafer v. Melo, 502 U.S. 21 (1991).  The Eleventh Amendment has been construed as a grant of sovereign immunity to States against suits in federal court as it is "in the nature of a jurisdictional bar."  Regents of the University of California, et al., v. John Doe, et al., 519 U.S. 425; Alabama v. Pugh, 438 U.S. 781, 782, n.1 (1978).  Thus, Defendant Atascadero State Hospital, a state agency, sued for monetary damages is entitled to Eleventh Amendment immunity.

In addition, Defendant Atascadero State Hospital, a state agency, is protected from suit under 42 U.S.C. § 1983.  A state and its officials sued in their official capacities are not considered "persons" with the meaning of § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

## V.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.   "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

IT IS HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.  Plaintiff's second amended complaint, filed February 26, 2013, is dismissed for failure to state a claim;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 11, 2013**

UNITED STATES MAGISTRATE JUDGE